### GILBERT *v*. BOARD OF SUP'RS OF KINGS COUNTY.

(*Supreme Court, General Term, Second Department.* May 9, 1892.)

JUSTICES OF SUPREME COURT—AGE LIMITATION—"COMPENSATION" IN KINGS COUNTY.
Const. art. 6, § 13, provides that the "compensation" of justices and judges who have served 10 years, and whose terms are abridged by their having reached the age of 70 years, shall be continued through the terms for which they have been elected, *i. e.*, 14 years. *Held*, that such "compensation" included the yearly sum allowed by the board of supervisors of Kings county, in pursuance of authority conferred by Laws 1866, c. 321, to justices of the supreme court residing in that county, for superintending the drawing of jurors, etc., and that a justice whose term of office had expired by reason of the limitation as to age was entitled to recover such allowance, though such services were no longer rendered by him.

Appeal from special term, Kings county.
Action by Jasper W. Gilbert, late justice of the supreme court, second department, residing in Kings county, against the board of supervisors of Kings county, to recover the compensation of his office accruing after the expiration of his term by reason of his having reached the age of 70 years. From a judgment for plaintiff, defendant appeals. Affirmed.

The following opinion was delivered by CULLEN, J., at special term:
"The official term of the plaintiff as justice of the supreme court, under his second election to that office, expired under the constitutional limitation upon nine years' service, by reason of his then having reached the age of 70 years. By section 13, art. 6, Const., the compensation of justices and judges who have served ten years, and whose terms are abridged by the limitation as to age, is to be continued during the terms for which they may have been elected, *i. e.*, fourteen years. That the plaintiff was entitled to this continuance of compensation, notwithstanding he served but nine years of his last term, but his aggregate continuous service being seventeen years, was decided in *People* v. *Wemple*, 125 N. Y. 485, 26 N. E. Rep. 921. Under the judgment in that case the plaintiff has received all of his compensation that is payable by the state at large. But the compensation of justices of the supreme court resident in the county of Kings is made up of three parts: *First*, a sum payable from the state as compensation; *second*, a further sum payable by the state, in lieu of traveling expenses; *third*, an allowance by the supervisors of the county of Kings, and charged on that county alone. A similar provision exists as to the compensation of the justices of the first district, (the city of New York;) and the justices of this district, not residing in the county of Kings, have a special additional allowance raised by taxation from the counties of the district other than Kings. The county part of the

salary of the justices is granted under chapter 821, Laws 1866, by which 'the board of supervisors of the county of Kings shall allow to justices,' etc., 'for the services required of them under this act, hereby amended, such compensation as the said board shall deem reasonable and proper.' The services required by the statute relate to drawing of jurors, and the imposition or remission of fines of delinquent jurors. Acting under this statute, the supervisors, in March, 1871, fixed the compensation of justices of the supreme court at $6,000 per annum. To recover such annual sum for the five years for which the plaintiff's term was abridged by his reaching the age of 70, this action is brought.

"The right of the plaintiff to this compensation is denied upon the ground that under the statute the compensation was to be made only for services, and that during such period the plaintiff has rendered no services. But this objection is equally applicable to all the compensation that plaintiff receives by virtue of the constitutional provision; for, at the expiration of the year during which he became seventy, his functions, duties, and powers wholly ceased. The court of appeals, in *People* v. *Wemple*, 115 N. Y. 302, 22 N. E. Rep. 272, held that judges whose terms expired on account of the constitutional limit of age were entitled even to the amount allowed in lieu of traveling expenses, though subjected to no expenses in this respect. To give effect to this objection, it is necessary, therefore, to go further, and establish the proposition that the sums paid to the justices under this legislation are not a part of their compensation as justices. While it may not be necessary that the statute should impose upon judges the duty of attending the drawing of jurors and the imposition or remission of fines, etc., it cannot be denied that the subject-matter is so connected with the administration of justice and judicial work that the legislature can properly create this duty in the judges. It must be a duty that at least may be judicial, or the judges cannot discharge it, and the statute would be void. The constitution (section 10, art. 6) declares that the judges of the court of appeals and justices of the supreme court shall not hold any other office or public trust, and (section 21) shall not receive to their own use any fees or perquisites of office. Therefore the duty must be performed by the judge as judge, and the salary received therefor cannot be received for the special services, but only as a part of the officer's salary as judge. This case is much stronger than that of *People* v. *Wemple*, *supra*, for there it was contended, and with sufficient force to obtain the assent of a most able judge, that the sum there in dispute was granted, not as compensation for services, but as indemnity against expenses. But here the sum is paid strictly as compensation. It seems to me clear that the plaintiff has the same right to this annual sum since he has retired that he had to receive it when holding office, or that my associates or I have to receive it now.

"While the right of the justices in office to this annual salary or compensation is not challenged, of course the point arises in this case. As, however, the point is not raised, and as the question affects my own interests, I shall only discuss it to the extent necessary to show the justification upon which it rests. As an original proposition the question whether the means adopted to fix the salaries of justices of the supreme court in this county and in New York are those contemplated by the constitution of 1846 might well be held debatable. But as early as 1852 a statute was passed authorizing the local authorities in the city of New York to grant additional compensation to the justices of the supreme court in that city. The power was immediately exercised, and the validity of that statute as to judges elected after its passage (the constitution at that time prohibiting an increase as well as a diminution of judges' salaries) was expressly upheld in the case of *People* v. *Edmonds*, 15 Barb. 533, decided by Mr. Justice STRONG. Though this was but a special term decision, I cannot find that it has ever been questioned, certainly never overruled. From that time the salaries of the justices

in that city have been in part established by the action of the local authorities. The constitutional convention of 1865, whence springs the present judiciary article, was composed largely of lawyers, some of great eminence, and a great part of its labor was bestowed on the judicial system and the question of judicial salaries. The fact of the previous legislation, and the practice under it, was well known, yet no criticism was made upon it. The compensation paid under the action of local authorities has been recognized by the legislature in statutes relating generally to the justices of the supreme court, and also, notably, in the case where the justices of this district resident outside of Kings county are given a specific additional compensation. These facts, and the uniform practice for nearly forty years, in which most eminent judges have participated, seem ample justification for assuming the legality of this provision for compensation. Judgment for plaintiff, with costs."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John B. Meyenborg,* for appellant. *Charles H. Otis,* (*Stephen P. Nash,* of counsel,) for respondent.

PRATT, J. All the questions raised by the defendants are quite fully discussed in the opinion of the judge who tried this case at special term, and we deem it unnecessary to go over again the same ground, but affirm the judgment on that opinion, with costs. All concur.